This was an action partly under the Death Act, R.S. 2:47-1et seq., N.J.S.A., and partly to recover damages for personal injuries and damage to property. There was a verdict for the defendant for personal injuries and damage to property but the action under the Death Act the court dismissed on the defendant's motion. The plaintiff appeals from the judgment rendered in the court below on all counts.
The count under the Death Act was by the husband as administrator ad prosequendum to recover damages therefor. The proofs in the case were that the husband and wife had been married 17 years before the accident which caused her death and that they had lived together during those years, the wife doing the housework and other duties common to that relationship.
The basis of the dismissal of the learned trial judge seems to have been that there was no proof of actual financial loss to the husband occasioned by the death. This was too narrow a view to take of the facts of the case. The relationship alone created a property right in the husband of which he could not be deprived by wrongful act and when, as in this case, the wife was killed, the right to recover under the Death Act accrued. This being true, the action on this count should have been submitted to the jury and the judgment thereon in favor of the defendant is reversed and a new trial granted. Our decision on this phase of the case disposes of the plaintiff's second point pertaining to the refusal of the trial judge to reopen the case for the purpose of introducing the mortality tables as an abuse of legal discretion. There was no such abuse. *Page 56 
The single ground urged for reversal on the counts for personal injury and property damage is that the court refused to charge the law applicable to parties confronted with sudden emergencies. Our examination of the proofs in the case satisfies us that under the facts proved the request was properly refused and the judgment on this count is accordingly affirmed.